IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RAUL GONZALES<br>Institutional ID No. 01749226,<br>SID No. 05133893<br><br>Plaintiff,<br><br>v.<br><br>PACHIE CHAN,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-CV-00132-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Raul Gonzales, an inmate at the Texas Department of Criminal Justice (TDCJ) Wainwright Unit, brings this civil rights action against Pachie Chan, the Medical Director at TDCJ's Robertson Unit. Dkt. No. 1 at 3. Gonzales' claims are subject to judicial screening under 28 U.S.C. §§ 1915, 1915A because he is proceeding *in forma pauperis*, Dkt. No. 8, and he sues a government official, *see* Dkt. No. 3. For the reasons below, the undersigned finds that Gonzales has stated a plausible claim of deliberate indifference to serious medical needs.

## I. JURISDICTION

Gonzales brings his claims under 42 U.S.C. § 1983, providing the Court with subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 3. Venue is proper in the Northern District of Texas, Abilene Division, because Gonzales' claims arise from his incarceration at the TDCJ Robertson Unit located in Jones County, Texas. 28 U.S.C. § 1391(b)(2). The

undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred Gonzales' case to the undersigned for preliminary screening under Special Order 3. Dkt. No. 9; 28 U.S.C. § 636(c)(1). Gonzales has not consented to the undersigned exercising the full jurisdiction of this Court.

## II. FACTUAL BACKGROUND

For purposes of screening a plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A, a court must accept well-pleaded factual allegations as true and construe them in a way that most favor the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A court may look to the plaintiff's allegations in their complaint, responses to a questionnaire, authenticated prison or jail records, and testimony provided at a *Spears* hearing. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may consider authenticated medical and prison records).

Gonzales has a hernia in the upper, central part of his abdomen. Dkt. No. 1 at 4; Dkt. No. 14 at 2. The hernia presents itself as a "protruding mass" on his chest and causes severe chest pains and difficulty breathing, eating, swallowing, and sleeping. Dkt. No. 1 at 4; Dkt. No. 14 at 3. The hernia occasionally causes food to become lodged in Gonzales' esophagus, which leads to vomiting and further exacerbation of the hernia. *Id*. Despite numerous requests, he has not received treatment to reduce his symptoms and pain. *Id*. He fears that his hernia will eventually progress to restrict or prevent his breathing, leading to brain damage or death. *Id*. at 4–5.

According to his pleadings, Gonzales first complained of his hernia pain on April 15, 2025, while incarcerated at the Allred Unit. Dkt. No. 1 at 10. Gonzales was eventually transferred to the Robertson Unit from the Allred Unit on April 25, 2025.[1] Dkt. No. 19 at 1. He went on two medical chains to the Montford Unit between September 18, 2025, to September 29, 2025, and again from November 20, 2025, to December 3, 2025. Dkt. Nos. 10, 13, 18, 20. He was transferred from the Robertson Unit to the Wainwright Unit on February 10, 2026. Dkt. No. 22.

Gonzales reported his medical needs to the chain-patio medical personnel when he arrived at the Robertson Unit. Dkt. No. 19 at 2. The nurse told him that he would be scheduled for a medical appointment. *Id*. Gonzales claims he was only seen by Robertson Unit medical staff one time, on May 8, 2025. Dkt. No. 19 at 3. That visit was necessary because Gonzales sustained a head injury after passing out, which required 21 stitches to close. Chan treated Gonzales on that occasion but then refused to see Gonzales again after that initial visit. Dkt. No. 19 at 3. Gonzales believes Chan refused to see him for his hernia five or six times. Dkt. No. 19 at 4.

## III. THE PARTIES

Gonzales targets only Chan in connection with his Robertson Unit claims. Dkt. No. 1 at 3; Dkt. No. 14 at 2–3; Dkt. No. 19 at 3. In his Complaint, Gonzales states that the relief he is asking the Court to provide is an order requiring Chan to provide him with "medicine/medication, equipment & treatment." But Gonzales is no longer housed at the

[1] Gonzales also makes claims arising from his time at the Allred Unit, but those claims were severed and transferred to the Wichita Falls division. Dkt. No. 15. Although the defendants in those claims, Kenyon Page and Sarah Chun, remain as defendants in this case, they should be terminated as parties.

Robertson Unit. Based on his Complaint and responses to two questionnaires, the undersigned concludes that the only reasonable construction of his claim against Chan is a money damages claim against Chan in her personal capacity for deliberate indifference to Gonzales' serious medical needs.

## IV. LEGAL STANDARDS

A court must dismiss a complaint filed *in forma pauperis* or filed by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly, it lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Dismissal for failure to state a claim—whether under Section 1915(e)(2)(B)(ii), Section 1915A(b)(1), or Rule 12(b)(6)—"turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). Thus, if a plaintiff "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they

contend entitle them to relief, the claims should not be dismissed merely because the plaintiff fails to articulate the proper legal theory that otherwise makes those facts actionable in court. *Johnson*, 574 U.S. at 11–12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)).

Courts accept *well-pleaded* factual allegations as true. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). This means the factual allegations, while not required to be detailed, must amount to more than mere labels, conclusions, or a statement of the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Chhim*, 836 F.3d at 469.

For claims to be substantively plausible, a plaintiff need not establish that the pleaded facts probably occurred as alleged, but the facts must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678–679). Even pro se plaintiffs must plead facts that raise the right to relief above a speculative level. *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). And when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When evaluating a complaint under these standards, courts liberally construe the pleadings of pro se plaintiffs, holding their complaints to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8

(N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Ultimately, "'[d]etermining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

## V. ANALYSIS

At base, Gonzales alleges that he suffered from a significant abdominal hernia, which caused severe pain and difficulty breathing, eating, swallowing, and sleeping. He reported the hernia to medical staff upon his intake at the Robertson Unit. The hernia had progressed to the point that food would become lodged in his esophagus, causing him to vomit, which worsened the hernia. On one occasion, the hernia caused him to pass out, where he fell to the ground, struck his head, and requiring over 20 stitches to close the head wound. Gonzales alleges that despite numerous requests for Chan to examine and treat him, she repeatedly refused to do so until he was ultimately transferred to the Wainwright Unit without having received medical care for his hernia while at the Robertson Unit.

Accepting these well-pleaded facts as true and construing them in Gonzales' favor, the undersigned finds that Gonzales has pleaded a substantively plausible claim against

Chan for deliberate indifference to Gonzales' serious medical needs.

## VI. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that Defendant Pachie Chan be ordered to file an answer, motion, or other responsive pleading to the relevant portions of Plaintiff's Complaint as supplemented by his responses to the two Magistrate Judge's questionnaires.[2]

Because it appears that Chan is—or was at the time of the alleged events—an employee or agent of the State of Texas and is likely to be represented by the Office of the Attorney General (OAG) for the State of Texas, the undersigned further RECOMMENDS that the Court direct the Clerk to notify the OAG of this action by emailing a copy of this Order, Plaintiff's Complaint (Dkt. No. 1), and Plaintiff's responses to the Court's two questionnaires (Dkt. Nos. 14, 19) to the appropriate email addresses provided by the OAG by agreement. *See* Fed. R. Civ. P. 5(b)(2)(E).

## VII. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the

[2] *See Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## VIII. TRANSFER OF CASE

Having completed the preliminary screening of Gonzales' claims, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:25-CV-00132-H.

ORDERED this 22nd day of September 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE